This Opinion is a
Precedent of the TTAB

Mailed:  March 31, 2015

**UNITED STATES PATENT AND TRADEMARK OFFICE**

————

**Trademark Trial and Appeal Board**

————

In re John Michael Brack

————

Serial No. 85483943

————

Luke Brean of Breanlaw LLC for John Michael Brack.

Amy E. Hella, Trademark Examining Attorney, Law Office 110 (Chris A. F. Pedersen, Managing Attorney).

————

Before Cataldo, Ritchie and Hightower,
Administrative Trademark Judges.

Opinion by Cataldo, Administrative Trademark Judge:

Applicant, John Michael Brack, filed an application to register on the Principal Register the mark SIMPLY ORANGECELLO (standard characters) for "alcoholic beverage, namely, orange flavored liqueur" in International Class 33.[1] During prosecution of the involved application, Applicant disclaimed "ORANGECELLO."

---

[1] Application Serial No. 85483943 was filed November 30, 2011, based upon applicant's allegation of his bona fide intent to use the mark in commerce.

The Examining Attorney noted that Applicant failed to sign and verify the involved application as required by Sections 1(a)(3), 1(b)(3) and 44 of the Trademark Act, 15 U.S.C. §§ 1051(a)(3), 1051(b)(3) and 1126, and required Applicant to submit the verification by signed affidavit or declaration under Trademark Rule 2.20, 37 C.F.R. § 2.20.

The Trademark Examining Attorney also refused registration of the application under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), on the basis of likelihood of confusion with the mark CARAVELLA ORANGECELLO (typed drawing, equivalent of standard characters)[2] issued for "alcoholic beverage, namely, orange flavored liqueur" in International Class 33.[3]

When the refusal and requirement were made final, Applicant appealed.

## Requirement for Verification

Applicant filed the involved application online using the Trademark Electronic Application System (TEAS). A review of the application file confirms that the application is neither signed nor dated.

[2] Effective November 2, 2003, Trademark Rule 2.52, 37 C.F.R. § 2.52, was amended to replace the term "typed" drawing with "standard character" drawing. A mark depicted as a typed drawing is the legal equivalent of a standard character mark.

[3] Registration No. 3203224 issued on January 30, 2007. Section 8 affidavit accepted; Section 15 affidavit acknowledged.

The Examining Attorney also refused registration under Section 2(d) based upon Registration No. 3203223, owned by the same entity as the registration cited above, for the mark ORANGECELLO for identical goods. Applicant petitioned to cancel Registration No. 3203223 on September 12, 2012 and the petition was granted on December 31, 2012 after Registrant failed to submit an answer thereto. Prosecution of the involved application was suspended during the pendency of the cancellation proceeding.

In her first Office Action, issued on March 16, 2012, the Examining Attorney refused registration pursuant to Section 2(d), citing both the registration which is the basis for this appeal and another, now-cancelled registration owned by the same registrant for ORANGECELLO (see footnote 3). The Examining Attorney also noted that the involved application was not signed and verified, stating that signature and verification are application requirements. The section of her Office Action setting forth the requirement is reproduced below.

> The application was not signed and verified, both of which are application requirements. *See* 15 U.S.C. §§1051(b), 1126(d)-(e); 37 C.F.R. §§2.33(a), (b)(2), 2.34(a)(2), (a)(3)(i), (a)(4)(ii). Therefore, applicant must verify the statements specified further below in a signed affidavit or declaration under 37 C.F.R. §2.20. *See* 15 U.S.C. §§1051(b)(3), 1126(d)-(e); 37 C.F.R. §§2.33(a), (b)(2), (c), 2.193(e)(1); TMEP §§804.02, 806.01(b)-(d).

> **If applicant responds to this Office action online via the Trademark Electronic Application System (TEAS)**, applicant may satisfy this requirement by answering "yes" to the TEAS response form wizard question relating to submitting a "signed declaration," and following the instructions within the form for signing. *See* 37 C.F.R. §§2.33(a), (b)(2), (c), 2.193(a), (c)-(d), (e)(1); TMEP §§611.01(c), 804.01(b).

> **If applicant responds to this Office action on paper, via regular mail**, applicant may satisfy this requirement by providing the following statements and declaration at the end of the response, personally signed by a person authorized under 37 C.F.R. §2.193(e)(1) and dated, with the printed or typed name of the signatory appearing immediately below the signature. *See* 37 C.F.R. §§2.20, 2.33(a), (b)(2), (c), 2.193(a), (d); TMEP §§611.01(b), 804.01(b).

>> STATEMENTS: The undersigned is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be

entitled to use the mark in commerce; applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods and/or services listed in the application as of the application filing date; the facts set forth in the application are true and accurate; and to the best of the undersigned's knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive.

DECLARATION: The undersigned being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or document or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____

(Signature)

_____

(Print or Type Name and Position)

_____

(Date)

Applicant's September 12, 2012 Response to Office Action addresses the Section 2(d) refusal by requesting suspension of prosecution of the involved application pending cancellation of cited Registration No. 3203223 for the mark ORANGECELLO. However, Applicant's September 12, 2012 communication does not address the requirement for signature and verification. In her September 14, 2012 Office Action suspending prosecution

of the involved application, the Examining Attorney clearly states that both the refusal to register under Section 2(d) and the requirement that Applicant sign and verify his application are continued. Applicant's March 4, 2013 Response to Suspension Inquiry or Letter of Suspension addresses the Section 2(d) refusal, notifies the Examining Attorney that Registration No. 3203223 is cancelled, and argues against the refusal based on Registration No. 3203224 for CARAVELLA ORANGECELLO, but again does not comply with or even address the requirement for signature and verification. Subsequently, the Examining Attorney's April 1, 2013 Office Action makes final both the Section 2(d) refusal based upon Registration No. 3203224 for the mark CARAVELLA ORANGECELLO and the requirement for a signed application, and again includes the language quoted above from her first Office Action.

The involved application was abandoned on October 28, 2013, and Applicant filed a Petition to Revive on December 28, 2013, which was granted on January 28, 2013. Applicant's Petition to Revive includes his Response to the Examining Attorney's April 1, 2013 final Office Action, addressing the Section 2(d) refusal and including evidence in support of registration, but not complying with or addressing the signature and verification requirement. In her March 11, 2014 denial of Applicant's Request for Reconsideration, the Examining Attorney addresses Applicant's arguments regarding the Section

2(d) refusal and states that both the requirement and refusal made final in her April 1, 2013 Office Action are maintained.

Applicant does not address the signature and verification requirement in his brief, but merely discusses the Section 2(d) refusal. In her brief, the Examining Attorney addresses both the Section 2(d) refusal and requirement for a signed and verified application; however, Applicant did not submit a reply brief, foregoing this opportunity to explain his failure to comply with or address the signature requirement.

The requirement for a verified statement in an application such as this one, based upon an applicant's assertion of a bona fide intent to use the mark in commerce, is set forth in Trademark Act Section 1(b), 15 U.S.C. § 1051(b), set forth in relevant part below:

> (b)(1) A person who has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce may request registration of its trademark on the principal register hereby established by paying the prescribed fee and filing in the Patent and Trademark Office an application and a verified statement, in such form as may be prescribed by the Director.

> (2) The application shall include specification of the applicant's domicile and citizenship, the goods in connection with which the applicant has a bona fide intention to use the mark, and a drawing of the mark.

> (3) The statement shall be verified by the applicant and specify—

> (A) that the person making the verification believes that he or she, or the juristic person in whose behalf he or she makes the verification, to be entitled to use the mark in commerce;

(B) the applicant's bona fide intention to use the mark in commerce;

(C) that, to the best of the verifier's knowledge and belief, the facts recited in the application are accurate; and

(D) that, to the best of the verifier's knowledge and belief, no other person has the right to use such mark in commerce either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive.

Trademark Rules 2.33(b)(2) and 2.33(c), 37 C.F.R. §§ 2.33(b)(2) and 2.33(c),

provide as follows:

(2) In an application under section 1(b) or section 44 of the Act, the verified statement must allege:
That the applicant has a bona fide intention to use the mark shown in the accompanying drawing in commerce on or in connection with the specified goods or services; that the applicant believes it is entitled to use the mark in commerce; that to the best of the declarant's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion or mistake, or to deceive; and that the facts set forth in the application are true.
(c) If the verified statement is not filed within a reasonable time after it is signed, the Office may require the applicant to submit a substitute verification or declaration under § 2.20 of the applicant's continued use or bona fide intention to use the mark in commerce.

Trademark Rule 2.34(a)(2), 37 C.F.R. § 2.34(a)(2), provides as follows:

(2) *Intent-to-use under section 1(b) of the Act.* In an application under section 1(b) of the Act, the applicant must verify that it has a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in

the application. If the verification is not filed with the initial application, the verified statement must also allege that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the filing date of the application.

Finally, Trademark Rule 2.193(e)(1), 37 C.F.R. § 2.193(e)(1), provides as follows:

> (e) *Proper person to sign*. Documents filed in connection with a trademark application or registration must be signed by a proper person. Unless otherwise specified by law, the following requirements apply:
> (1) *Verification of facts*. A verification in support of an application for registration, amendment to an application for registration, allegation of use under § 2.76 or § 2.88, request for extension of time to file a statement of use under § 2.89, or an affidavit under section 8, 12(c), 15, or 71 of the Trademark Act must be sworn to or supported by a declaration under § 2.20, signed by the owner or a person properly authorized to sign on behalf of the owner. A person who is properly authorized to verify facts on behalf of an owner is:
> (i) A person with legal authority to bind the owner (*e.g.,* a corporate officer or general partner of a partnership);
> (ii) A person with firsthand knowledge of the facts and actual or implied authority to act on behalf of the owner; or
> (iii) An attorney as defined in § 11.1 of this chapter who has an actual written or verbal power of attorney or an implied power of attorney from the owner.

Thus, an applicant filing an application under Section 1(b) of the Trademark Act must submit a verified statement that the applicant has a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application. 15 U.S.C. § 1051(b)(3)(B). If the verification is not filed with the original application, the verified statement must also allege that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the

8

application as of the application filing date. Trademark Rules 2.34(a), 37 C.F.R. §§ 2.34(a). *See also* Trademark Manual of Examining Procedure (TMEP) §§ 804.02 and 806.01(b) (January 2015).

In this case, neither Applicant nor his counsel, as provided under Trademark Rule 2.193(e)(1)(iii), signed the original application as required by Section 1(b)(3) of the Trademark Act, 15 U.S.C. § 1051(b)(3). As discussed above, the Examining Attorney raised the requirement for a verified statement in her first Office Action, and continued and made final the requirement in subsequent Office Actions. Furthermore, the Examining Attorney explained in detail in her March 16, 2012 and April 1, 2103 Office Actions the procedures necessary for Applicant to comply with the verification requirement. As noted above, Applicant neither complied with this requirement nor addressed it in his communications in response to the Examining Attorney's Office Actions or in his brief on appeal.

We also observe in that regard that while all of Applicant's communications submitted subsequent to his original application were properly signed by his counsel of record, none of them contained the required averments and thus do not satisfy the outstanding requirement for verification.

In accordance with the above authorities, signature and verification of the averments in an application is a requirement for establishing a basis for application; in this case, a bona fide intent to use the mark in commerce

pursuant to Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b). *See also* Trademark Rule 2.34(a)(2), 37 C.F.R. § 2.34(a)(2). A simple and straightforward requirement, it nonetheless is necessary to support the averments made in an application. Applicant failed to comply with this requirement despite clear and repeated admonitions from the Examining Attorney.

Accordingly, we affirm the Examining Attorney's requirement that Applicant sign and verify the involved application, and registration is refused to Applicant on this basis.

We note that the involved application may not be reopened for further examination following this appeal.[4] *See* Trademark Rule 2.142(g), 37 C.F.R. § 2.142(g); Trademark Trial and Appeal Board Manual of Procedure (TBMP) Section 1218 (2014). Therefore, Applicant's failure to comply with the requirement to sign and verify the involved application prior to appeal cannot be remedied after issuance of this decision.

## Decision

The refusal of registration on the ground that Applicant failed to comply with the requirement to submit a signed and verified application is affirmed. Accordingly, registration of the involved application is refused.

---

[4] Trademark Rule 2.142(g) provides for a petition to the Director to reopen an application upon a showing of sufficient cause for consideration of any matter not already adjudicated. We observe, nonetheless, that Applicant's failure to sign the involved application has been adjudicated herein.

In view thereof, we need not consider the Examining Attorney's refusal of registration under Section 2(d).